76666.0287

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **DONALD H. RILEY JR. AND SHARI A. RILEY** | § § § | |
| **Plaintiffs,** | § § | |
| **V.** | § § | **Civil Action No. 7:17-CV-00187** |
| **NATHAN PLASSMAN AND TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY** | § § § § | |
| **Defendants** | § § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or

"Defendant"), files its Amended Notice of Removal of this action from the 244TH Judicial District

Court, Ector County, Texas to the United States District Court for the Western District of Texas,

Midland-Odessa Division, the Court for the District and Division encompassing the place where the

lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in

Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the

following:

### I.
### INTRODUCTION

1. On September 1, 2017, Plaintiff Donald H. Riley Jr. and Shari A. Riley filed their original

petition in the 244TH Judicial District Court, Ector County, Texas captioned *Donald H. Riley Jr. and*

*Shari A. Riley v. Nathan Plassman and Travelers Lloyds of Texas Insurance Company*, Cause

Number C-17-09-1047-CV (the "State Court Action").

76666.0287

2. Citation for the State Court Action was issued on September 5, 2017 and served on Defendant Travelers Lloyds of Texas Insurance Company via Certified Mail on September 8, 2017.

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiffs seek monetary damages over $50,000.00 but not more than $1,000,000.00, contrary to Texas Rule of Civil Procedure 47(c). *See* Exhibit A-1 at paragraph 4, page 2. Plaintiffs seek damages for breach of contract, the value of their claim, violations of the Texas Insurance Code, Deceptive Trade Practices, breach of the duty of good faith and fair dealing, fraud, attorneys' fees, and exemplary damages. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiffs were at the time of the filing of this action, have been at all times since, and still are individual resident citizens of Texas. *See* Exhibit A-1 at paragraph 2. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see*

76666.0287

*also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9,

2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated

association' whose citizenship is determined solely by the citizenship of its underwriters.).

7. At the time of the filing of this action, and at all times since, including the date of removal,

Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of

its underwriters are citizens of Texas. *See* Exhibit B. Accordingly, Travelers Lloyds of Texas

Insurance Company is a citizen of Connecticut.

8. Defendant Nathan Plassman ("Plassman") was at the time of the filing of this action, has

been at all times since, and still is an individual resident citizen of the State of Tennessee. *See*

Exhibit A-1 at paragraph 3 and Exhibit C.

9. The joinder of Nathan Plassman does not prevent removal for an additional reason. By

virtue of House Bill No. 1774, the Texas Insurance Code was amended in cases involving first party

insurance claims against Insurance Companies. The amendment included the addition of Sec. 542

A.006, entitled "ACTION AGAINST AGENT; INSURANCE ELECTION OF LEGAL

RESPONSIBILITY." Under that provision:

> "(a) Except as provided by Subsection (h), in an action to which this chapter applies,
>
> an insurer that is a party to the action may elect to accept whatever liability an
>
> agent might have to the claimant for the agent's acts or omissions related to the
>
> claim by providing written notice to the claimant.
>
> . . .
>
> (c) If a claimant files an action to which this chapter applies against an agent and the
>
> insurer thereafter makes an election under Subsection (a) with respect to the agent,
>
> the Court shall dismiss the action against the agent with prejudice."

76666.0287

This amendment went into effect on September 1, 2017, which is also the day the lawsuit was filed in State Court. *See* Plaintiff's Original Petition.

10. Travelers made the election under Sec. 542A.006 (a) by letter dated September 18, 2017. See Exhibit "E". Therefore, the joinder of Nathan Plassman should be disregarded for purposes of jurisdiction as there is no reasonable basis to predict that Plaintiff could recover for Nathan Plassman's alleged violation of the Texas Insurance Code.

11. Because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

12. Plassman consents to this removal. *See Exhibit D.*

13. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

14. This Amended Notice of Removal is filed within thirty (30) days after service (on September 8, 2017) by Defendants of the State Court Action. This Amended Notice of Removal is also filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

15. In accordance with 28 USC section 1446 (D), Defendants will promptly give written notice of this Amended Notice of Removal to Plaintiffs through counsel of record and previously filed a copy of their Notice of Removal in the 244TH Judicial District Court, Ector County, Texas.

4

76666.0287

16. Defendants reserve the right to amend or supplement this Notice of Removal.

17. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a)    an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b)    a copy of the civil cover sheet in the State Court Action;

(c)    a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d)    a separately filed JS-44 Civil Cover Sheet.

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: __28__ September, 2017

76666.0287

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
   & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com


By: _____
      ROBERT F. SCHEIHING
      State Bar No. 17736350

ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this _____ day of September, 2017:

Shaun W. Hodge
THE HODGE LAW FIRM, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
(409) 762-5000
(409) 763-2300 Facsimile
shodge@hodgefirm.com

_____
ROBERT F. SCHEIHING

6