# EXHIBIT "A-1"

**FILED FOR RECORD**
**Cause No.: C-17-09-1047-CV**
Ector County - 244th District Court
Ector County, Texas
9/1/2017 1:02 PM
**Clarissa Webster**
**District Clerk**
By: I'nisha Carden, Deputy

CAUSE NO._____

| | | |
|---|---|---|
| DONALD H. RILEY JR. AND SHARI A. RILEY, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| | § | **ECTOR COUNTY, TEXAS** |
| **v.** | § § | |
| NATHAN PLASSMAN AND TRAVELERS LLOYDS OF TEXAS INS. CO., | § § § § | _____ **JUDICIAL DISTRICT** |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DONALD H. RILEY JR. AND SHARI A. RILEY ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of NATHAN PLASSMAN and TRAVELERS LLOYDS OF TEXAS INS. CO., ("TRAVELERS" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190, Level 2, and requests that the Court enter an appropriate scheduling order.

### PARTIES

2.  Plaintiffs DONALD H RILEY JR. AND SHARI A RILEY are individuals domiciled in Ector County, Texas.

1.  Defendant TRAVELERS is a domestic insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.

Upon information and belief, its principal office is located at 1301 E Collins Rd, Richardson, TX 75081.   The Defendant may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY, 211 E 7TH ST, STE 620, AUSTIN TX 78701-3218, by certified mail, return receipt, or personal service.

3. Defendant NATHAN PLASSMAN is a Texas licensed public adjuster residing and doing business at 6640 Carothers Pkwy, Franklin, TN 37067. This defendant may be served with process at this address.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking only monetary relief over $50,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiffs reserve the right to amend this petition during or after the discovery process.

5. The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

6. Venue is proper in Ector County, Texas, because the insured property is situated in Ector County, Texas, and the events giving rise to this lawsuit occurred in this county.

### FACTS

7. Plaintiffs are the owner of a Texas Homeowner's Insurance Policy Number 0TN553-980182565-676-1 ("the Policy"), which was issued by TRAVELERS

8. Plaintiffs own the insured property, which is specifically located at 4231 Lynbrook Ave., Odessa, TX 79762 (hereinafter the "Property").

9.     TRAVELERS sold the Policy insuring the Property to Plaintiffs.

10.    On or about June 14, 2017 or June 23, 2017, a hail storm and/or windstorm struck Ector
       County, Texas, causing severe damage to homes and businesses throughout the area. The
       Property sustained extensive structural and exterior damage during the storm.
       Additionally, water intrusion through the roof caused significant damage throughout the
       interior of the structure.

11.    Plaintiffs submitted a claim to Defendant against the Policy for damages the Property
       sustained as a result of the storm. Upon information and belief, Defendant assigned
       number H5B9854 for the claim.

12.    Plaintiffs asked that TRAVELERS cover the cost of repairs to the Property, estimated at
       $46,378.82, pursuant to the Policy.

13.    Defendant set about to deny and underpay on properly covered damages. As a result of
       Defendant JASON MAXWELL'S unreasonable investigation of the claim, including not
       providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping
       the damages during its investigation and thus denying adequate and sufficient payment to
       Plaintiffs to repair their property, Plaintiffs' claim was improperly adjusted. The
       mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair
       their property, which has resulted in additional damages. To this date, Plaintiffs have yet
       to receive the full payment to which he is entitled under the Policy

14.    As detailed in the paragraphs below, TRAVELERS wrongfully denied Plaintiffs' claim
       for repairs of the Property, even though the Policy provided coverage for losses such as
       those suffered by Plaintiffs. Furthermore, TRAVELERS underpaid some of Plaintiffs'

claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

15. To date, TRAVELERS continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their property.

16. Defendant TRAVELERS failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. TRAVELERS's conduct constitutes a breach of the insurance contract between TRAVELERS and Plaintiffs.

17. Defendant TRAVELERS misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant TRAVELERS failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant TRAVELERS failed to explain to the Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant TRAVELERS failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant TRAVELERS did not communicate that any future settlements

or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant TRAVELERS's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.   Defendant TRAVELERS failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant TRAVELERS. Defendant TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21.   Defendant TRAVELERS refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant TRAVELERS failed to conduct a reasonable investigation. Specifically, Defendant TRAVELERS performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.   Defendant TRAVELERS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23.    Defendant TRAVELERS failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.    Defendant TRAVELERS failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. TRAVELERS's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.    From and after the time Plaintiffs' claim was presented to Defendant TRAVELERS, the liability of TRAVELERS to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, TRAVELERS has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. TRAVELERS's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

27.    As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTION

28.    Defendants are liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

29.    The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

30.    Defendant TRAVELERS's conduct constitutes a breach of the insurance contract made between TRAVELERS and Plaintiffs.

31.    Defendant TRAVELERS's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of TRAVELERS's insurance contract with Plaintiffs.

32.    The Defendant's breach proximately caused Plaintiffs' injuries and damages.

33.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.    Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.    Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36.    Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though TRAVELERS's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37.    Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.    Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.    Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

40.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiffs' injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.    The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice. The Defendant is liable for the Claim. Defendant's conduct

constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

42. Defendant TRAVELERS's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

43. Defendant TRAVELERS's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

44. Defendant TRAVELERS's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

45. Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiffs' injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46. The Defendants breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendants knew or should have known that liability was reasonably clear.

47. Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, TRAVELERS knew or should have

known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48.    Defendants' conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

49.    Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

50.    Plaintiffs are a "consumer" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

51.    The Defendants committed numerous violations of the Texas DTPA, insofar as Defendants:

    a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e)    Violated the provisions of the Texas Insurance Code described herein.

52.    The Defendants took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs' detriment. The Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendants' violations of the DTPA, Plaintiffs suffered actual damages. In addition, the

Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## COMMON LAW FRAUD

53.   Defendants are liable to Plaintiffs for common law fraud.

54.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as he did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

56.   The Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. The Defendants allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.   Plaintiffs relied upon said statements in accepting the denial and/or underpayment of the Claim, and suffered injury as a result.

## DAMAGES

57.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.   The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the

Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

59.  For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees and pre-judgment interest.

60.  For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

61.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

62.  For breach of the common law duty of good faith and fair dealing, Plaintiffs entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

63.  For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

64.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.   Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

67.   Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' Original Petition.*

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS





US POSTAGE ≫ PITNEY BOWES

ZIP 79761 $ 007.71⁰
02 1W
0001403109 SEP. 05. 2017

CERTIFIED MAIL

7017 0530 0000 1697 3690

CLARISSA WEBSTER
District Clerk
Ector County Courthouse
300 North Grant Avenue, Room 301
Odessa, Texas 79761-5158

(C-17-09-1047-CV)
TRAVELERS LLOYDS INSURANCE COMPANY
REGISTERED AGENT-CORPORATION SERVICE
COMPANY
211 E 7ᵀᴴ ST STE 620
AUSTIN TX 78701